## 56333. HAGER v. O'NEAL.

BIRDSONG, Judge.

This is a laborer's suit to recover for services performed. The plaintiff below, Hager, contracted to build an addition to O'Neal's home. A dispute arose as to the quality and sufficiency of the work completed by Hager. O'Neal paid all but $1,400 of the contract price but refused to pay for the remainder. Hager maintained that the work was done in a professionally acceptable manner and walked off the job before completion because of O'Neal's refusal to pay the final installment of the contract price.

O'Neal had the work completed and filed a counterclaim for his additional out-of-pocket expenses. The jury returned a verdict for O'Neal in the amount of $1,000. Hager appeals the verdict and judgment in O'Neal's favor. He enumerates as error the failure to charge on the issue of damages. *Held:*

1. The trial court charged the jury as to the contentions of the parties, the burden of proof, credibility of witnesses, defined preponderance of evidence, and instructed the jury as to proper forms of verdicts. At no point did the trial court charge upon any legal theory of recovery by either party. Moreover, the trial court gave no charge upon the issue of damages for either party. At the conclusion of the charge, both parties registered no objection to the truncated charge of the court.

" ' "From an early date the Supreme Court has uniformly held that the law of the case must be given the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or attention be called to it or not; otherwise the verdict will be set aside." [Cits.]' " *King v. Luck Illustrating Co.,* 21 Ga. App. 698, 699 (94 SE 890). See *Daniel v. Etheredge,* 191 Ga. 793, 801 (13 SE2d 763); *Berger v. Plantation Pipeline Co.,* 121 Ga. App. 362, 364 (6) (173 SE2d 741). The reason and logic of such a requirement is manifest, for without such information there are no guidelines for the jury in deciding the issues presented to them for decision. See *Talmadge v. Talmadge,* 241 Ga. 609, 611 (5) (247 SE2d 61). Here the jury returned a verdict without benefit of any guidance whatever on the issues of the case. Such a verdict and judgment entered thereon must be reversed.

2. Hager also urges error in the refusal of the court to give an instruction requested by the jury as to a lien or the effect thereof. There were two liens involved in the case, one in favor of the plaintiff and one in favor of the defendant (a materialmen's lien claimed by O'Neal). We need not pass on the question except to note that in the event of a new trial in this case, we assume that the question of lien identity will not again occur in the same context.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

810

Submitted September 18, 1978 — Decided October 30, 1978.

*Robert C. Sacks,* for appellant.
*Mock & Smith, Robert W. Mock, Sr.,* for appellee.