A93A1493. TEMPO MANAGEMENT, INC. v. LEWIS.
(436 SE2d 98)

McMURRAY, Presiding Judge.

David Lewis, d/b/a D & A Enterprises, Inc., filed an action for breach of contract against Tempo Management, Inc. ("Tempo"), alleging Tempo failed to pay for materials and services provided under landscape maintenance agreements entered into between the parties. Tempo denied the material allegations of the complaint and counterclaimed for breach of contract.

The undisputed evidence presented at a jury trial reveals that Tempo and Lewis entered into contracts whereby Lewis was to maintain the grounds at separate apartment communities managed by Tempo. In exchange, Tempo agreed to pay Lewis monthly service fees plus $4.50 for each bale of pine straw required to service the premises. Lewis presented evidence that Tempo failed to pay over $7,000 in monthly service fees and over $10,500 for pine straw. Tempo presented evidence that Lewis charged for pine straw that was not provided. The jury returned a verdict for Lewis in the principal amount of $17,775. This appeal followed. *Held*:

1. Tempo first contends the trial court erred in failing to give its

written request to charge on recoupment as set out in OCGA § 13-7-2.

"Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the contract upon which suit is brought" OCGA § 13-7-2. "Recoupment lies for overpayments by the defendant or for payments by fraud, accident, or mistake." OCGA § 13-7-12.

Tempo properly asserted a claim for recoupment in the consolidated pre-trial order. Further, Lewis introduced cancelled checks and testimony revealing that he may not have provided the amount of pine straw charged to Tempo under the ground maintenance agreements. Further, there is expert testimony that the amount of pine straw Lewis allegedly applied at Tempo's properties was over twice as much as needed to service the properties. This evidence amply supports Tempo's claim that Lewis overcharged for pine straw and thus authorizes a charge on the law of recoupment. OCGA § 13-7-12. See *Atlas Auto &c. Co. v. Atkins*, 79 Ga. App. 91, 93 (1), 94 (53 SE2d 171).

"Failure to charge on any legal theory of recovery is harmful as a matter of law. ' "From an early date the Supreme Court has uniformly held that the law of the case must be given the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or attention be called to it or not; otherwise the verdict will be set aside." (Cits.)' *King v. Luck Illustrating Co.*, 21 Ga. App. 698, 699 (94 SE 890) (1918); *Hager v. O'Neal*, 147 Ga. App. [808 (250 SE2d 555)] (1978). 'It is the duty of the court to charge the jury on the law "as to every controlling, material, substantial and vital issue in the case." (Cits.) "Where it fails to give . . . the benefit of a theory of the defense which is sustained by the evidence . . . a new trial must be granted. (Cits.)" *Lincoln Life Ins. Co. v. Anderson*, 109 Ga. App. 238, 240 (136 SE2d 1).' *Berger v. Plantation Pipeline Co.*, 121 Ga. App. 362, 364 (6) (173 SE2d 741) (1970). See also *Am. Family Life Ins. Co. v. Glenn*, 109 Ga. App. 122, 126 (4) (135 SE2d 442) (1964)." *Fowler v. Gorrell*, 148 Ga. App. 573, 576 (2b), 577 (251 SE2d 819).

In the case sub judice, Tempo's primary claim and defense was that Lewis overcharged for materials and services rendered under the ground maintenance agreements. It thus follows that the law of recoupment was essential to Tempo's case and that the trial court's failure to give Tempo's written request to charge on the law of recoupment was error, requiring a new trial.

2. In its second enumeration, Tempo contends the trial court failed to give a full and fair charge on the law of impeachment. It is unnecessary to address this enumeration as any such omission is un-

likely to occur upon retrial. See Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia, Volume I, Civil Cases, pp. 13, 16 (2nd ed. 1991).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 24, 1993.

*H. Michael Dever*, for appellant.
*Cramer & Peavy, Timothy C. Cramer*, for appellee.