A98A0349. CLYDE v. PETERSON.
(502 SE2d 524)

BEASLEY, Judge.

Eleanor Clyde appeals an adverse verdict by the jury in her personal injury action against Michael Peterson arising out of a vehicle collision. She was a passenger in a truck driven by her husband which collided with Peterson's car when he attempted a left-hand turn while the traffic light was yellow. She did not sue her husband but contends the court erred in failing to charge the jury on joint proximate cause and concurrent negligence. Her position is that the evidence presented a jury question of whether the proximate cause of her injuries was at least in part Peterson's negligence, even if her husband was also negligent and contributed to the cause. In her view, the absence of the instruction in the jury deliberation constituted a gross injustice and deprived her of a fair trial.[1]

"On the trial of all cases it is the duty of the judge to charge the

---

[1] Appellant relies on OCGA § 5-5-24 (c), but that stopgap measure is not apt as such. She does not need it because she made the request in writing and objected to the court's rejection of it. See OCGA § 5-5-24 (a) and (b).

jury the principles of law applicable to all issues raised by the pleadings and the evidence, even without a request for such an instruction. [Cits.]"[2] " ' "From an early date the Supreme Court has uniformly held that the law of the case must be given the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or attention be called to it or not; otherwise the verdict will be set aside." [Cits.]' "[3]

The principle of law is well settled that "if the separate and independent acts of negligence of several persons or corporations combine naturally and directly to produce a single, indivisible injury, and a rational basis does not exist for an apportionment of damages, the actors are joint tortfeasors."[4] Recovery may be had against one or both of the responsible parties.[5] Accordingly, in a case against only one of several joint tortfeasors, the one defendant may be held responsible for all damages.[6]

Clyde requested the court to instruct: "Ladies and gentlemen of the jury, I charge you that where two or more causes operate directly or happen together in bringing about an injury, there can be a recovery against one or all of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself prevent or limit the other act from constituting the proximate cause. If all acts of negligence contributed directly and concurrently or together in bringing about the injury, they together constitute the proximate cause."

"In order to reverse for failure to give a requested charge, the charge so requested must be entirely correct, accurate and adjusted to the pleadings, law and evidence, and not otherwise covered in the general charge. [Cits.]"[7] "The refusal of a request to charge is not error unless the charge requested is itself correct and perfect. [Cits.]"[8]

Plaintiff's requested charge is written as if there were more than

---

[2] *Claxton v. Claxton*, 214 Ga. 715, 719 (2) (107 SE2d 320) (1959). Accord *Clarke v. Cotton*, 263 Ga. 861, 862 (440 SE2d 165) (1994).

[3] *King v. Luck Illustrating Co.*, 21 Ga. App. 698, 699 (94 SE 890) (1918); *Hager v. O'Neal*, 147 Ga. App. 808 (250 SE2d 555) (1978); *Tempo Mgmt. v. Lewis*, 210 Ga. App. 390, 391 (1) (436 SE2d 98) (1993).

[4] *Smith v. McLendon*, 142 Ga. App. 608, 609-610 (236 SE2d 692) (1977). See also *Johnson v. Landing*, 157 Ga. App. 313, 317 (2) (277 SE2d 307) (1981); *Gilson v. Mitchell*, 131 Ga. App. 321 (205 SE2d 421) (1974), aff'd, *Mitchell v. Gilson*, 233 Ga. 453 (211 SE2d 744) (1975); *City of Atlanta v. Harris*, 52 Ga. App. 56 (182 SE 202) (1935).

[5] *Peggy Ann of Ga., Inc. v. Scoggins*, 86 Ga. App. 109, 114 (71 SE2d 89) (1952).

[6] See *Fields v. Jackson*, 102 Ga. App. 117, 131-132 (7) (115 SE2d 877) (1960).

[7] *Ga. Kraft Co. &c. v. Laborers' Intl. Union &c.*, 170 Ga. App. 581, 585 (3) (317 SE2d 602) (1984).

[8] *Parrott v. Fletcher*, 113 Ga. App. 45, 46 (3) (146 SE2d 923) (1966); *Durand v. Reeves*, 219 Ga. 182, 183 (3) (132 SE2d 71) (1963); *Barham v. Levy*, 228 Ga. App. 594, 596 (3) (492 SE2d 325) (1997).

one defendant and each was potentially liable. The pattern charge is based on *Tallman v. Green*[9] and *Gosser v. Diplomat Restaurant*,[10] each of which involved two allegedly negligent defendants.

In *Dept. of Transp. v. Blair*,[11] the surviving parent of the deceased passenger sued the DOT for negligent maintenance of a stop sign. This Court held that the DOT's requested charge that damages should be apportioned between the DOT and the driver of the vehicle in which the deceased was killed was not appropriate because the driver was not a co-defendant.[12]

As stated in *Fields v. Jackson*, "The true rule in cases like this is . . . that the negligence of the host driver is not imputable to the guest, and unless the negligence of the host driver constituted the sole proximate cause of the guest's injuries, a recovery by the guest against the driver of the other automobile whose negligence constituted a proximate cause of the guest's injuries, is not barred nor reduced under the comparative negligence rule by the mere fact that the host was also negligent."[13]

Because the requested charge was not "entirely correct, accurate and adjusted to the pleadings, law and evidence," omission of it did not constitute reversible error.[14]

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 20, 1998.

*Beauchamp & Associates, Robert M. Beauchamp, Mark G. Pitts,* for appellant.

*Perry & Walters, Richard W. Fields,* for appellee.

---

[9] 74 Ga. App. 731, 734 (41 SE2d 339) (1947).

[10] 125 Ga. App. 620, 624 (188 SE2d 412) (1972).

[11] 220 Ga. App. 342 (469 SE2d 446) (1996).

[12] Id. at 345 (2). Compare *Jiles v. Peters*, 216 Ga. App. 288 (454 SE2d 178) (1995) (charge on concurrent negligence allowed in suit by passenger against driver of other vehicle).

[13] *Fields v. Jackson*, 102 Ga. App. at 132.

[14] *Ga. Kraft Co. &c. v. Laborers' Intl. Union &c.*, 170 Ga. App. at 585 (3).