A01A2033. FOXCHASE, LLLP et al. v. CLIATT.
(562 SE2d 221)

JOHNSON, Presiding Judge.

This is an appeal from the trial court's denial of motions for directed verdict and judgment notwithstanding the verdict. Because there is some evidence to support the challenged verdict, the appeal is without merit and the judgment of the trial court is affirmed.

In 1994, James Day contracted with Bilberry Golf, Inc. to construct a golf course in Harris County. Golf Design Services International, Inc. was hired to provide plans and specifications for the course. Lisa Maki, the owner and president of Golf Design, developed the plans and specifications and supervised work on the course. Bilberry Golf completed its construction in 1995, although other work to prepare the course for play was still necessary.

Day was unable to complete the remaining work, and Harris County issued him a stop work order for violations of the county ordinance governing soil erosion and sediment control. In 1996, Day conveyed the golf course property to Mike Bilberry, Sharon Leevers and Jack Leevers, who are partners in Foxchase, LLLP. Bilberry and the Leeverses planned to deed the golf course to Foxchase immediately, but did not do so until 1998.

In the meantime, Bilberry helped persuade the county to lift the stop work order and continued having work done on the course by Bilberry Golf, Golf Design and Maki. In 1997, the county issued other stop work orders.

Throughout the construction of the golf course, William Cliatt, who owns property adjacent to the course, complained about damage to his property. Two creeks flow through the golf course and onto Cliatt's property. Because of the construction, excess water, sediment, sand and debris flowed into the creeks. This excess flow eroded the creek beds and banks and damaged Cliatt's property.

Cliatt sued, among others, Foxchase, Bilberry, the Leeverses, Golf Design and Maki for negligence, trespass and nuisance. The case was tried before a jury, which returned a verdict in favor of Cliatt for damages and attorney fees. The jury apportioned the dam-

ages, finding each defendant liable for a specific amount. Foxchase, Bilberry, the Leeverses, Golf Design and Maki jointly appeal from the judgment of the trial court. They argue that the trial court erred in denying their respective motions for directed verdict and j.n.o.v.

We review the denial of both a motion for directed verdict and a motion for j.n.o.v. under the "any evidence" standard.[1] Under this standard, we must construe the evidence in the light most favorable to the party who obtained a verdict, and if there is any evidence to support the verdict, we will not disturb it.[2] Contrary to the arguments of the appellants, there is some evidence to support the verdict against them.

1. Foxchase, Bilberry, the Leeverses, Golf Design and Maki all argue that the court should have granted them j.n.o.v. on the ground that Day created the nuisance, so they cannot be held liable for it. While Day was the owner of the property when the nuisance originated, there is other evidence from which the jury could have found that Foxchase and Bilberry and the Leeverses, who have owned the property, and Golf Design and Maki, who worked on the course, later contributed to the nuisance. Even though they did not create the nuisance, they may be held liable for contributing to or maintaining it.[3]

2. Foxchase, Bilberry, the Leeverses, Golf Design and Maki all argue that they are entitled to j.n.o.v. on the issue of attorney fees because there is no evidence that they acted in bad faith.[4] Bad faith warranting an award of attorney fees must arise out of the transaction on which the cause of action is predicated, and it may be found in how the defendant acted in his dealing with the plaintiff.[5]

There is evidence in the instant case that, while in control of the golf course, Foxchase, Bilberry and the Leeverses failed to take appropriate action to alleviate the damage being caused to Cliatt's property. And there is evidence that Maki, the owner of Golf Design, erroneously held herself out as a licensed landscape architect and wrote misleading letters to county inspectors in an attempt to avoid responsibility for erosion control.

The jury was authorized to find that Foxchase, Bilberry, the Leeverses, Golf Design and Maki acted in bad faith in failing to properly correct the excess flow of water and debris that was damaging

---

[1] *Crump v. McDonald*, 239 Ga. App. 647, 648 (1) (520 SE2d 283) (1999).

[2] *Ga. Power Co. v. Irvin*, 267 Ga. 760, 762 (1) (482 SE2d 362) (1997); *Crump*, supra.

[3] See *West v. CSX Transp.*, 230 Ga. App. 872, 873-876 (498 SE2d 67) (1998).

[4] See OCGA § 13-6-11.

[5] *CSX Transp. v. West*, 240 Ga. App. 209, 211 (3) (523 SE2d 63) (1999).

Cliatt's property.[6] The trial court therefore did not err in sustaining the award of attorney fees to Cliatt.[7]

3. Foxchase, Bilberry and the Leeverses argue that they cannot be held liable for the golf course nuisance because they never got notice to abate the nuisance. The argument is unpersuasive.

The evidence shows that when his property was first damaged, Cliatt initially complained to Day, Bilberry Golf and various governmental agencies. In 1997, after Day had conveyed the golf course to Bilberry and the Leeverses, the attorney for their Foxchase partnership sent a letter to Cliatt stating that he was representing the partners.

Cliatt wrote back to the attorney, asking that a proper plan be followed to curtail the flow of water and debris from the golf course. The attorney did not respond to the letter, so Cliatt sent him another letter, stating that his creek situation was worsening each day and asking if Bilberry was going to fix the situation. The attorney sent a subsequent letter telling Cliatt that he could discuss the matter with him or file a lawsuit.

The jury was authorized to find that Foxchase, Bilberry and the Leeverses had notice of the nuisance and that Cliatt had requested that it be abated.[8]

4. Bilberry and the Leeverses claim that they cannot be held personally liable because they were partners in the limited liability partnership of Foxchase.[9] This claim ignores the facts that the golf course was not conveyed to Foxchase until 1998, that from 1996 to 1998 Bilberry and the Leeverses owned the golf course and that there is evidence of damage to Cliatt's property while they were the golf course owners. The jury could have found Bilberry and the Leeverses liable for damage that occurred when they, not the partnership, owned the course.

5. Bilberry, Golf Design and Maki argue that the respective awards against them constitute improper double recoveries. Bilberry notes that he cannot determine from the verdict form if he was held liable in his capacity as an individual, as a Foxchase partner or as a shareholder in Bilberry Golf. Likewise, Maki speculates that she and Golf Design may have been held separately liable for the same conduct.

One damaged by the tort of a corporate agent may sue the individual agent, the corporation or both.[10] Cliatt therefore properly sued

---

[6] See *Ponce de Leon Condo. v. DiGirolamo*, 238 Ga. 188, 190 (2) (232 SE2d 62) (1977).

[7] See *CSX Transp. v. West*, supra at 212 (3).

[8] See OCGA § 41-1-5; *West v. CSX Transp.*, supra at 872-873 (1), 876 (3) (b).

[9] See OCGA § 14-8-15 (b).

[10] *Smith v. Hawks*, 182 Ga. App. 379, 384 (4) (355 SE2d 669) (1987).

Bilberry and Golf Design and Maki, and the jury could have found them all liable in their separate capacities for separate acts. Beyond speculation about the verdict, Bilberry, Golf Design and Maki have not shown that they excepted to the verdict form when it was returned, they have not pointed to any evidence in the record that the verdict constitutes double recoveries and they do not argue that the verdict amounts exceed the damages proved.

"Presumptions favor the validity of verdicts and a construction, if possible, will be given which will uphold them."[11] Here, it is possible to construe the verdicts as properly apportioning damages against the defendants in their various capacities. Absent any showing to the contrary, we find that the trial court correctly construed the verdict.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 13, 2002 — 

*Marchetti & Lomax, Robert R. Lomax,* for appellants.
*Richard A. Childs,* for appellee.

---

[11] (Punctuation omitted.) *Southeastern Security Ins. Co. v. Hotle,* 222 Ga. App. 161, 164 (1) (e) (473 SE2d 256) (1996).

