A02A1744. IMPERIAL FOODS SUPPLY, INC. v. PURVIS.
(580 SE2d 342)

MIKELL, Judge.

In this personal injury action, Imperial Foods Supply, Inc. ("Imperial Foods"), appeals the denial of its motions for directed verdict and for judgment notwithstanding the verdict, or in the alternative for a new trial. Imperial Foods also challenges the trial court's refusal to give several requested jury charges. We affirm.

"We review the denial of both a motion for directed verdict and a motion for j.n.o.v. under the 'any evidence' standard. Under this stan-

---

dard, we must construe the evidence in the light most favorable to the party who obtained a verdict, and if there is any evidence to support the verdict, we will not disturb it."[1]

So construed, the evidence shows that Emily June Purvis was the general manager and vice president of the Piccadilly Cafeteria in Brunswick, where she was involved in an accident on June 19, 1999. Purvis testified that Imperial Foods was Piccadilly's main vendor, and that it delivered food to the cafeteria once a week in an "eighteen-wheeler" truck. Typically, there would be two or three people on the delivery truck who would unload the food. But on the day of the incident the driver was alone, so Purvis asked James Collins, one of her employees, to assist him.

Purvis testified that the driver told her that the door was broken as he propped hand dollies against it in an attempt to hold it open. Collins recalled that the two dollies did not hold the door open because it was a windy day. The driver told Purvis, "we're going to have to get this door tied back." Purvis told Collins to find something, and he returned with a leather strap. Purvis testified that the driver said that the strap would work and instructed Collins to put it on the door. After the door was tied back, Purvis again asked if the strap would hold the door, and after looking at it, the driver indicated that it would.

Purvis testified that they had finished unloading the truck when a gust of wind blew and she heard the strap pop. She tried to move out of the way but was knocked to the ground by the truck door. When Purvis fell, she crushed bones in her left hand and wrist. She filed the instant action against Imperial Foods and a Glynn County jury awarded her $150,000 in damages.

1. In its first two enumerated errors, Imperial Foods argues that it was entitled to judgment as a matter of law because there was no evidence as to what caused the strap to break, nor was it foreseeable that the strap would fail. Although its brief mentions both proximate cause and negligence, the essence of appellant's argument is that because no evidence was presented to explain the strap's failure, a jury should not be allowed to infer negligence from that failure. Moreover, Imperial Foods asserts that the failure was not foreseeable, and hence the use of the strap was not negligence.

The evidence in this case shows that the driver knew that the latch used to secure the door during deliveries was broken when he left his employer's warehouse; that the doors were very large; that it was windy when the driver and Collins were unloading the truck;

---

[1] (Footnotes omitted.) *Foxchase, LLLP v. Cliatt*, 254 Ga. App. 239, 240 (562 SE2d 221) (2002).

and that because of the wind, the driver's attempts to secure the truck door by propping the dollies against it had failed. Also, photographs of a similar truck with an operable latch, as well as the actual strap used to secure the door, were introduced into evidence for the jury's consideration. This evidence was adequate to support inferences by the jury that the defendant was negligent by allowing the use of a delivery truck with an inoperable door latch or vicariously liable for the negligent attempt to secure the door with an inadequate strap. Precisely which act or failure to act impressed the jury cannot be discerned from the general verdict of liability. But the evidence was adequate to support a finding of one or more acts of negligence on the part of the defendant or its driver.[2]

2. Imperial Foods next argues that it could not be held liable for Purvis's injury because Collins's intervening act, securing the door with the strap, caused the injury. Collins was an employee of Piccadilly Cafeteria, not Imperial Foods. Therefore, according to the defendant, it should not be liable for the negligence of Collins, if any. "It is no defense to an action for an injury resulting from negligence that intervening negligence contributed to cause the injury, if the negligence of [the defendant] was an efficient cause without which the injury would not have occurred."[3] Furthermore, "for an intervening act of a third party to become the sole proximate cause of a plaintiff's injuries, the intervening act must not have been foreseeable by defendant, must not have been triggered by defendant's act, and must have been sufficient by itself to cause the injury."[4] That is not the case here. When the defendant's driver operated a trailer with a defective door latch, it was foreseeable by Imperial Foods that some makeshift, rigged mechanism might be used to keep the doors open, and that a mechanism improvised on the spot by borrowed labor

---

[2] See *Gen. Seat & Back Mfg. Co. v. Bergen & Sons, Inc.*, 91 Ga. App. 431, 433 (85 SE2d 778) (1955). Imperial Foods in its statement of facts argues that the pre-trial order specified that the only allegation of negligence was a failure to inspect the truck. But the admission at trial of evidence not relevant to the issues raised in the pre-trial order was not an enumerated error. Moreover, pleadings are automatically amended to reflect the evidence introduced at trial. OCGA § 9-11-15 (b). See generally *Rockdale Body Shop v. Thompson*, 222 Ga. App. 821, 823 (2) (476 SE2d 22) (1996) (interaction of pre-trial order and OCGA § 9-11-15 (b)).

[3] *Eubanks v. Business Equip. Center of Atlanta*, 161 Ga. App. 202, 203 (288 SE2d 273) (1982), citing *Ponder v. McKinzie*, 89 Ga. App. 846, 850 (2) (81 SE2d 551) (1954); *Callahan v. Cofield*, 61 Ga. App. 780, 782 (7 SE2d 592) (1940); *Rollestone v. Cassirer & Co.*, 3 Ga. App. 161, 173 (59 SE 442) (1907). See also *Little Rapids Corp. v. McCamy*, 218 Ga. App. 111, 115 (2) (460 SE2d 800) (1995) (denial of directed verdict was proper where Little Rapids' practice of dangerously stacking boxes resulted in a verdict against it, even though there was an intervening negligent act).

[4] (Punctuation and footnote omitted.) *Ontario Sewing Machine Co. v. Smith*, 275 Ga. 683, 686 (2) (572 SE2d 533) (2002).

might not perform so reliably as the mechanism designed and provided by the trailer's manufacturer.

3. Imperial Foods next contends that the trial court erred by refusing to grant its motion for j.n.o.v. on the grounds that Purvis could not rely upon the driver's assurance that the door was properly secured because she had equal knowledge that the door had been tied back with the leather strap. The jury was instructed on the law of comparative negligence and apparently resolved that issue against the defendant.

4. In section D of its brief, Imperial Foods argues that "a charge should have been given that the statement of satisfactory condition could not be a basis for recovery." However, Imperial Foods does not enumerate the failure to give such a charge as error. "[A]rguments raised in the appellate brief are not made issues on appeal unless they are properly enumerated as error."[5] We note, however, that even if the trial court's failure to so charge were enumerated as error, Imperial Foods would be precluded from asserting the error as it failed to request such a charge in writing.[6]

5. The trial court did not instruct the jury about foreseeability. The precise instruction requested by the defendant was: "Under Georgia law, in order for the defendant to be held liable for negligence, it must be shown by a preponderance of evidence that it was reasonably foreseeable for the driver of the truck and not reasonably foreseeable to the plaintiff that the trailer door which hit the plaintiff would swing closed and cause the plaintiff some harm." The request to charge was adapted from *Ellington v. Tolar Constr. Co.*[7]

One commentator has recently argued, based on empirical studies of jury comprehension, that instructions specifically tailored to the facts of the lawsuit, such as the request quoted above, are preferable to the traditional Georgia technique of generalized "lectures" by the trial judge.[8] His well-researched law review article cites an impressive heritage for fact specific, carefully tailored instructions which omit generalities. As argued by Chief Justice Lumpkin in 1855:

> I give it as the result of thirty-four years' experience, that ordinarily, general charges, however abstractly true, are worse than useless — their effect being to misguide, instead

---

[5] (Citations omitted.) *Miles v. Emmons*, 234 Ga. App. 487 (507 SE2d 762) (1998).

[6] *Jackson v. Jackson*, 47 Ga. 100, 119 (1872).

[7] 237 Ga. 235 (227 SE2d 336) (1976). On foreseeability, see generally Adams, Georgia Law of Torts, § 15-3 (2002).

[8] Cork, A Better Orientation for Jury Instructions, 54 Mercer L. Rev. 1, 1, 29 (2002).

of directing the Jury to a right finding; and the only instructions which are worth anything, are such as enable the Jury to apply the law to the precise case made by the proof. If the case comes within an exception or limitation of a general rule, restrict the investigation until the exact point upon which it turns stands out prominently before the eye of the Jury, stripped of all generalities. Their task is then comparatively easy and safe.[9]

The request to charge quoted above would seem to be the type of fact-specific, case-specific instruction preferred by Chief Justice Lumpkin. But the request, adapted from a scholarly opinion by our Supreme Court, is not an accurate statement of the law governing the disputed facts of the case at bar. The controlling precedent, *Ellington v. Tolar Constr. Co.*, says that "[r]easonable foresight does not require of a plaintiff or a defendant that he anticipate exactly what will happen."[10] In other words, a person could be negligent without foreseeing that the door would blow closed. Negligence requires only evidence from which it could be inferred that a reasonable person would foresee that physical harm of some sort might happen in some fashion to somebody as a result of "the use of a strap to secure the truck door in dangerous windy conditions" or from "allowing the truck to be operated without suitable door latches."[11]

Of course, negligence does not automatically result in a defendant's liability nor, when a plaintiff is negligent, always result in an effective affirmative defense. Whether the defendant's actions created an unreasonable risk of harm, or its duty extended to preventing unforeseeable consequences, if the consequences were unforeseeable, are questions best left to the jury under proper instructions regarding negligence, cause in fact, proximate cause, and damages. Whether the highly technical and nuanced law of negligence can be reduced to simple, fact-specific jury instructions remains to be seen. Suffice it to say that the trial court did not err in failing to give the requested jury instruction.

---

[9] (Emphasis omitted.) Cork, supra at 29, citing *Haynes v. State of Ga.*, 17 Ga. 465, 483 (1855). Cork also cites *Southern Cotton Oil Co. v. Thomas*, 155 Ga. 99, 105 (117 SE 456, 459) (1923) ("If possible, the instructions of a trial [court] should fit the [particular] evidence [like] a skilful tailor [fits] a suit . . . to [a] human [form].") (Russell, C. J.). The most important argument made by Cork may be to omit generalized instructions, no matter how instructive, in favor of a short charge mentioning only the few factual issues really disputed by the parties.

[10] *Ellington*, 237 Ga. at 238 (III).

[11] Plaintiff's complaint, paragraph 12. See generally Harper and James, Law of Torts, § 16.9 (1974); Prosser and Keeton, The Law of Torts, § 43 (5th ed. 1984).

6. In its remaining enumerations of error, Imperial Foods argues that the trial court erred by failing to give the following requested charges:

(1) It is not a breach of duty or negligence to fail to protect one from harm where the harm results from an unlikely, remote or slightly possible event; (2) Negligence is predicated upon what one reasonably should have anticipated would have happened, rather than what in fact did happen; and (3) I instruct you that one is under a duty to exercise ordinary care for her own safety and if by the exercise of ordinary care she could have discovered a defect or condition which produced an injury to her, and she failed to exercise such ordinary care and failed to discover the defect or condition, she is not entitled to recover from the defendant.

In its brief, Imperial Foods addresses enumerations 5 through 8 in a one-paragraph argument in section E of its brief, which contains no citation of authority. But the original requests for instructions were accompanied by citations, so we are able to address the alleged errors.[12]

Even without a written request to so charge, the trial judge has a duty to charge the jury on the principles of law applicable to the issues raised by the pleadings and the evidence.[13] Nonetheless,

[i]t is axiomatic that a jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case. All that is necessary, provided the requested charge accurately states the relevant principles of law, is that these principles be fairly given to the jury in the general charge. When it can be determined that the charge actually given conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation, denial of a request for a specific charge is not reversible error.[14]

In this case, the trial judge charged the jury in accordance with the pattern charges on ordinary negligence, proximate cause, the

---

[12] But see *Krause v. Vance*, 207 Ga. App. 615, 621 (13) (428 SE2d 595) (1993); Court of Appeals Rule 27 (c) (2).

[13] *Clyde v. Peterson*, 232 Ga. App. 589, 590 (502 SE2d 524) (1998).

[14] (Citations and punctuation omitted.) *Hitchcock v. Key*, 163 Ga. App. 901, 903-904 (3, 4) (296 SE2d 625) (1982). Prior to a statutory change in 1965, a trial court was required to give all legally correct instructions requested by counsel even if the principle was adequately covered by the general charge. See Cork, 54 Mercer L. Rev. at 12-13.

duty to exercise care for one's own safety, and comparative negligence. Those general charges adequately covered the principles of law raised in enumerations of error 6, 7, and 8. The motion to dismiss is denied.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 27, 2003.

*Whelchel, Brown, Readdick & Bumgartner, J. Thomas Whelchel,* for appellant.

*William T. Ligon, Jr.,* for appellee.