A11A2255. DUFFIELD v. CHUI.
(723 SE2d 506)

BLACKWELL, Judge.

Robert Duffield sued George Chui and Matthew Methvin after Chui punched Duffield in the jaw, causing Duffield to sustain a serious injury.[1] The case was tried by a Fulton County jury, which returned a defense verdict, and the court below entered judgment upon the verdict for Chui and Methvin. Duffield appeals from the judgment for Chui,[2] contending that the trial court erred when it charged the jury on negligence principles, rather than the law of battery. We agree, and we reverse the judgment below as to Chui and remand for a new trial.

A trial court must instruct a jury on the law "as to every controlling, material, substantial and vital issue in the case." *Berger*

---

[1] Chui admitted he intentionally punched Duffield, but Chui said that he did so because he thought Duffield was going to hurt Methvin. Chui and Methvin apparently are friends.

[2] Duffield does not appeal from the judgment entered in favor of Methvin.

*v. Plantation Pipeline Co.*, 121 Ga. App. 362, 364 (6) (173 SE2d 741) (1970) (citations and punctuation omitted); *Gurin v. General Motors Corp.*, 171 Ga. App. 159, 160 (1) (318 SE2d 830) (1984) ("The trial court is obligated to instruct the jury on all [legal] theories and issues raised by the parties and supported by the evidence."). The failure to charge on a properly asserted and legally cognizable theory of recovery, "whether requested or not, or attention be called to it or not," is harmful as a matter of law. *Tempo Mgmt. v. Lewis*, 210 Ga. App. 390, 391 (1) (436 SE2d 98) (1993) (citations and punctuation omitted). Here, the trial court refused to charge the jury on battery, and it charged the jury only on negligence, because Duffield, the court said, alleged negligence in his complaint and mentioned "duty" and "breach of duty" — concepts that generally are associated with the law of negligence — in the proposed pretrial order. Even so, Duffield also asserted a distinct claim for battery in his complaint,[3] and he explained in the proposed pretrial order that "[t]his case involves an intentional tort."

Moreover, throughout the charge conference, Duffield repeatedly urged the court to charge on the law of battery, noting at one point that "[t]his is a case about intentional conduct, not about negligent conduct," and explaining at another that "[t]his case is not about negligence on [Chui's] part. . . . It's an intentional tort." Later, Duffield argued yet again that "[t]his case is about an intentional act. It wasn't a negligent act. It wasn't about I made a mistake. I messed up. He intended to do what he did. It takes his, it takes [Chui's], conduct out of negligence." And when the court asked Duffield about which charges were appropriate, Duffield responded:

> It's not a negligence case. . . . It's a battery. The jury should be charged on whether or not there was a battery committed. Okay. Then they have to figure out if the battery was justified. They've admitted they intentionally — Chui admitted he wasn't negligent about doing it, he did it on

---

[3] In his complaint, Duffield alleged that, "[a]s a result of Defendants' negligence *and intentional malfeasance*, Plaintiff has suffered and continues to suffer serious and painful personal injuries." (Emphasis supplied.) He also alleged that, "[a]s a result of Defendants' negligence *and intentional malfeasance*, Plaintiff has incurred past medical expenses and will incur future medical expenses." (Emphasis supplied.) Duffield asserted distinct claims in his complaint for, among other things, both "assault" and "battery." And in addition to his request for compensatory damages, Duffield sought punitive damages for "intentional, willful and malicious torts." Duffield quite clearly pled claims for intentional torts, including battery. See *Rucker v. Columbia Nat. Ins. Co.*, 307 Ga. App. 444, 446 (1) (a) (705 SE2d 270) (2010) ("The Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirement of the Act.").

purpose. So I would ask the Court to charge on battery as it relates to Chui's conduct.

In addition, Duffield submitted written requests to charge on battery.[4]

From our review of the record, we conclude that Duffield alleged, presented evidence of, and requested a charge on battery. Battery is a recognized tort in Georgia, see *Williams v. Knight*, 211 Ga. App. 420, 420-421 (1) (439 SE2d 507) (1993), and in this case, it was raised by both the pleadings and the evidence. Duffield was entitled, therefore, to a charge on the law of battery.[5] See *Tempo Mgmt.*, 210 Ga. App. at 391 (1). Because the court below failed to so charge the jury, we must reverse the judgment below as to Chui and remand for a new trial before a properly instructed jury.[6]

*Judgment reversed and case remanded. Barnes, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 17, 2012.

*Charles H. McAleer*, for appellant.
*Christopher S. Harris*, for appellee.

---

[4] The court below found that the written requests to charge on battery were not adjusted to the facts, and although Duffield orally made additional requests to charge on battery at the charge conference, the court found that these oral requests reflected the law of criminal battery and were not, therefore, an accurate statement of the law applicable in a civil case. But even if these requests to charge were not quite right — something about which we offer no opinion — the court still had an obligation to correctly instruct the jury on a theory of liability that was properly pled, supported by sufficient evidence, and legally cognizable.

[5] Chui argues that Duffield failed to preserve his exceptions to the charge, but the record clearly shows that Duffield took exception to the decision of the court to charge on negligence, rather than battery: "The ones that were noted on the jury charges that, charging on negligence, charges on the defendants' negligence is — I've already made my objections. And I do make exceptions to the charges as read in light of my prior objections."

[6] Because we are reversing the judgment below, we need not address the other claims of error that Duffield raises on appeal.