BENHAM, Justice,
concurring in part and dissenting in part.
While I agree with the majority’s conclusion in Division 1 of the opinion, I must respectfully dissent to the majority’s final decision to affirm the Court of Appeals.
Our state constitution coupled with state statutory law requires that the Georgia Attorney General represent state executive agencies in any court of record.[13] That means our state law effectively grants to the Department of Human Services (DHS) a categorical right to be represented by a lawyer in any civil contempt proceeding against any parent, whether indigent or not, for nonpayment of child support. It is the State’s position, however, that the parent in such proceeding, whether indigent or not, has no categorical right to be represented by counsel. If found to be in contempt, most indigent parents face incarceration because they lack the means to purge themselves of the contempt. For example, the trial court found in this case that appellant Miller owed $3,000, had less than a dollar in his bank account, and had no assets when he was found in contempt and incarcerated for nonpayment of child support. Had he had a categorical or automatic right to counsel, as does DHS under state law, perhaps he would have avoided jail when he clearly did not have the ability to pay.[14] Purposefully or not, the State has fostered a fundamentally unfair system for collecting child support from indigent parents. The system at issue is not sanctioned by the Turner v. Rogers, _ U. S. _ (131 SCt 2507, 180 LE2d 452) (2011) decision because, as the majority opinion concedes, that case specifically left open the question as to whether an indigent parent has the right to counsel in a civil contempt child support proceeding where the government entity is represented by counsel.[15] See State v. Stone, 165 Wash. App. *513 796, 814, n. 12 (268 P3d 226) (2012) (Turner does not affect those civil contempt proceedings where the indigent person owes payments to the state, lacks representation by counsel, and the state is represented by counsel).
Furthermore, Turner does not preclude the litigants from being able to proceed as a class on the merits under our state constitution.[16] There are a few post -Turner decisions where state courts have upheld the right to counsel in the very circumstance left open by Turner as a matter of state statutory and/or state constitutional law. See Schochet v. Schochet, 435 N.J. Super. 542, 545 (89 A3d 1264) (2014) (implies that case law bestowing indigent parents the right to counsel in child support contempt proceedings is still viable under the New Jersey Constitution); Crain v. Crain, 2012 WL 6737836 (Ohio App. Dec. 28, 2012) (state statute gave indigent parents the right to counsel in child support contempt proceedings; said statute was not abrogated by Turner because a state agency brought the case and was represented by counsel). What’s more, this case is even more distinguishable from Turner by virtue of the fact that Georgia law effectively bestows upon DHS a categorical right to counsel, as opposed to the agency simply having an optional policy of being represented by lawyers at such proceedings. Such circumstance clearly was not addressed by Turner.[17] Thus I believe there is still a viable state constitutional claim on the merits to be resolved.[18]1 am not persuaded by the majority’s contention that this case cannot go forward because appellants’ express *514 citation to the Georgia Constitution in their complaint was too “passing” in nature to be considered[19] or because appellants have not made a specific argument regarding the scope of our state constitution in this context.[20] We are only deciding the issue of class certification and there is no reason to deny certification simply because the record has not been developed fully on the merits at this stage of the litigation.[21]1 cannot agree with the majority’s conclusion that there is no case here as far as our state constitution is concerned or that the issue of class certification is so inextricably tied to the underlying merits that certification of the class is foreclosed.[22] Given the question left open by Turner and the state constitutional issues in this case, the trial court did not abuse its discretion when it certified the class.[23] Accordingly, I would reverse the Court of Appeals and uphold the trial court’s order granting class certification.
Decided July 11, 2014.
Gerald R. Weber, Jr., Atteeyah E. Hollie, Sarah E. Geraghty, for appellants.
*515 Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Jason S. Naunas, Mark J. Cicero, Assistant Attorneys General, for appellees.

 “The Attorney General shall act as the legal advisor of the executive department, shall represent the state... in all civil... cases in any court when required by the Governor, and shall perform such other duties as shall be required by law.” Ga. Const. of 1983, Art. V, Sec. III, Par. IV. See also OCGA § 45-15-3 (6) (“It is the duty of the Attorney General. . . [t]o represent the state in all civil actions tried in any court.. . .”).

 The justification for incarceration in a contempt action is lost when the contemnor is unable to pay. Hughes v. Dept. of Human Resources, 269 Ga. 587 (2) (502 SE2d 233) (1998).

 The Turner court specifically stated:
We do not address civil contempt proceedings where the underlying child support payment is owed to the State[.] [Cit.] Those proceedings more closely resemble *513 debt-collection proceedings. The government is likely to have counsel or some other competent representative. Cf. Johnson v. Zerbst, 304 U. S. 458, 462-463, 58 S.Ct. 1019, 82 L.Ed. 1461) (1938) (“[T]he average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty, wherein the prosecution is presented by experienced and learned counsel” (emphasis added)). And this kind of proceeding is not before us.
131 SCt at 2520. Appellants in this case have been sued by DHS for any arrearage owed to their children and for reimbursement of welfare benefits paid by the State.

 Appellants specifically alleged a claim for violation of Article I, Section I, Paragraphs I (the right to due process), II (equal protection of the laws) and XIV (the right to counsel and to confront witnesses) of the Georgia Constitution.

 The facts in Turner show that the clerk of the South Carolina family court would review delinquent child support orders and issue to non-compliant parents “show cause” orders requiring them to appear and show why they should not be held in contempt. Id. at 2512. No agency of the state was a party to the proceedings. Id. at 2512-2513, 2519. Also, Turner’s appeal was predicated on the federal constitution only. Id. at 2514.

 “It is a well-recognized principle that a state court is free to interpret its state constitution in any way that does not violate principles of federal law, and thereby grant individuals more rights than those provided by the U.S. Constitution.” Powell v. State, 270 Ga. 327, 331, n. 3 (510 SE2d 18) (1998). Indeed, in some instances, we have held that the Georgia Constitution affords our citizens broader rights than the federal constitution. See, e.g., Statesboro Publishing Co. v. City of Sylvania, 271 Ga. 92 (2) (516 SE2d 296) (1999) (Georgia Constitution affords broader free speech protection than the First Amendment of the U.S. *514 Constitution); Grissom v. Gleason, 262 Ga. 374, n. 1 (418 SE2d 27) (1992) (Georgia Constitution’s equal protection provision may provide greater rights than U.S. Constitution); Green v. State, 260 Ga. 625, 627 (398 SE2d 360) (1990) (Georgia Constitution provides broader protection than U.S. Constitution for right against self-incrimination); Fleming v. Zant, 259 Ga. 687, 690 (386 SE2d 339) (1989) (Georgia Constitution provides greater protection against cruel and unusual punishment than U.S. Constitution); Colonial Pipeline Co. v. Brown, 258 Ga. 115 (3) (365 SE2d 827) (1988) (Georgia Constitution provides greater protection against excessive fines and forfeitures than U.S. Constitution).

 Appellants need only meet the minimal requirements of notice pleading to set forth a claim. See Duffield v. Chui, 314 Ga. App. 214, 215, n. 3 (723 SE2d 506) (2012).

 Appellants have made the argument that this case fits squarely in the question left open by Turner, which question is broad enough to encompass any state constitutional issues. Furthermore, appellants made a supplemental filing in this appeal alerting this Court to the decision in Crain v. Crain, supra, an action which indicates to me that they are in fact pursuing the state constitutional claims raised in their complaint.

 See MCG Health, Inc. v. Perry, 326 Ga. App. 833, 835 (1) (755 SE2d 341) (2014) (“In determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits(,) but whether the requirements of OCGA § 9-11-23 (a) have been met.”).

 Other than citing the lack of a categorical right to an attorney under the federal constitution per Turner, the majority opinion contains no discussion of how the class lacks commonality or typicality. All of the named plaintiffs and proposed class members are indigent; they have all been subject to child support contempt proceedings in which DHS is represented by counsel; they have all been incarcerated for non-payment of child support; and they have not been appointed counsel in their contempt proceedings.

 See State Farm Mutual Auto. Ins. Co. v. Mabry, 274 Ga. 498, 499-500 (1) (556 SE2d 114) (2001) (“On appellate review of a trial court’s decision on a motion to certify a class, the discretion of the trial judge in certifying or refusing to certify a class action is to be respected in all cases where not abused.”) (citation and punctuation omitted).