### 1896.    DYER *v.* THE STATE.

1. Venue may be proved by circumstantial evidence as well as by direct proof, if the circumstances proved equally satisfy the mind.
2. Whether a jury would be legally authorized to infer that the court had jurisdiction, from a given state of facts (if they believe that such facts have been proved), is a question of law.  Inferences which can legally be drawn from facts established to be true are presumptions of law. · "The judge can not pilot the jury in their passage by inference from fact to fact, but he can point out the line of transit which the law authorizes them to follow if they think the facts in evidence sustain them in taking that route." *Kinnebrew* v. *State,* 80 *Ga.* 238 (5 S. E. 56).  Consequently, it was not error for the judge to charge the jury in the present case, "if the animal is shown by the State to have been stolen, and the evidence satisfies you that the animal was last seen in this county prior to the time that it was stolen, that would be sufficient to authorize you to find that the stealing or larceny, if there was one in this case, occurred in this county."

Indictment for larceny, from Walker superior court—Judge Wright. April 8, 1909.

Submitted June 9,—Decided June 29, 1909.

*F. W. Copeland,* for plaintiff in error.

*John W. Bale, solicitor-general,* contra.

RUSSELL, J. Counsel for plaintiff in error frankly admits that his only legal claim to a judgment of reversal rests upon the exception taken to the charge of the court upon the subject of venue. For this reason we omit any reference to the other grounds of the motion for new trial; but we remark in passing that the verdict finding the defendant guilty was amply supported by the evidence. That the evidence upon the subject of the venue is sufficient to support the verdict is decided by the ruling in *Smiley* v. *State,* 66 *Ga.* 754, which is controlling upon that point. In that case it was held: "Where the proof was that an owner kept his hogs at his home in Miller county, and turned them out into the open country, calling them up at night, that suddenly they were missing therefrom, and that about the same time defendant, who lived near by, though in an adjoining county, sold them some distance away, and there was no proof that the hogs ever 'used' or ever were over the line, a verdict of guilty of larceny, found in the county of the owner's residence, will not be set aside for want of sufficient proof of venue." In the instant case the cow in question was seen on Sunday, grazing where it was accustomed to stay in Walker county, and on Monday following it was found in the possession of the defendant, whose contradictory explanation of his possession was not satisfactory to the jury. There was no evidence that the cow "used" or had ever been over the line of Walker county on any previous occasion, and the prosecution was carried on in the county of the owner's residence; so that, so far as the facts are concerned, the case is practically identical with the *Smiley* case. The real question that arises, therefore, is not whether there was sufficient evidence of the venue, but whether the court had the right to tell the jury that they would be authorized to find that there was sufficient proof of the venue, if the evidence satisfied them that the animal was last seen in this county prior to the time that it was stolen. We think it is unquestionably true that if the animal was found in the unlawful possession of the defendant (deemed to be unlawful because not satisfactorily explained), and

there was no evidence of any other prior possession except the legal possession of the owner, and that lawful ownership was shown to exist in Walker county, it is to be inferred that the cow was stolen in Walker county. If this inference could arise from the evidence, it is clear that it would be error for the judge to instruct the jury they would be bound to act upon this inference; nor did the judge do this. It is quite a different thing, however, for the judge to instruct the jury that they might, if they saw proper, act upon the inference which could be drawn from the given facts established to their satisfaction. For that reason we think that the judge did not err in the instruction of which complaint is made; and certainly, if the instruction is erroneous, as containing an intimation of opinion, the exception taken is not broad enough to reach that point. In the language used the judge was merely announcing to the jury that the law permitted them to infer, from the fact that the cow was last seen in the legal possession of its owner, the fact that the unlawful possession began at the point where the legal ownership ceased, that is, in the county of the owner's residence, and, therefore, that if they took that view of the evidence, they would be authorized to find the venue satisfactorily proved. He did not instruct them or intimate that they should do this. The language used was that the fact that the animal was last seen in this county "would be sufficient to authorize you," etc. This language left the jury free to make all the inferences of fact for themselves. As said by Chief Justice Bleckley, in the case of *Kinnebrew* v. *State,* 80 *Ga.* 238 (5 S. E. 59), "there is, touching most inferences of fact, a question of law for the court as well as one of logic for the jury, for in some instances the law, though it will not itself draw a given conclusion from given premises, will allow the jury to draw it if they are convinced from the evidence that it ought to be drawn; but in other instances it will neither draw the inference nor suffer the jury to draw it. Now the judge may, if he can, always distinguish these two classes of instances, one from the other, and tell the jury to which class the case in hand belongs. To instruct them that they are legally authorized to infer one thing from another, or from certain others, but they are to decide for themselves both whether the given premises are true, and whether the inference can and ought in fact to be made, is only to say that the law permits them to reason in the

manner indicated, if they determine that the evidence and the ordinary test of human experience warrant them in so doing. It is but to tell them that the law will be satisfied if they are, and that they will not have done a vain thing." "The judge can not pilot the jury in their passage by inference from fact to fact, but he can point out the line of transit which the law authorizes them to follow if they think the facts in evidence sustain them in taking that route. Presumptions of law are conclusions and inferences which the law draws from given facts. Presumptions of fact are exclusively for the jury, to be decided by the ordinary test of human experience."

Further objection is made that the instruction of the judge permitted the jury to infer that the larceny was committed in Walker county if the cow was last seen there at any time by any person. If we were engaged in a microscopic investigation for error, there might seem to be some point in this objection, but when it is to be considered that it is not mere error, but harmful error, which requires the grant of a new trial, the objection appears to be without force. It is inconceivable that the jury, presumably men of at least ordinary intelligence, having before them uncontradicted testimony that the cow was last seen the day before the theft was discovered, could have apprehended that the judge was referring to some period in the indefinite past. And so far as the identity of the person who may have seen the cow there is concerned, it would be entirely immaterial who saw the cow in Walker county, provided it was shown to have been there immediately prior to the unlawful posession by the thief.　　　*Judgment affirmed.*