## 3186.  COOK v. THE STATE.

1. Upon the point raised that there was a failure to prove the venue, the decision in this case is controlled by the ruling in *Dyer* v. *State*, 6 *Ga. App.* 390 (65 S. E. 42). Irrespective of the location of the defendant's residence, where the hogs alleged to have been stolen were found, proof that the hogs shortly prior to their transportation were on a range in Miller county was sufficient evidence, when taken in connection with the fact that the hogs were found in the possession of the defendant, to authorize the inference that the taking (if a larceny) was in Miller county.

2. Though the evidence authorized a charge to the jury on the law of confessions, failure to instruct them on that subject, in the absence of an appropriate written request that they be so instructed, is not cause for a new trial.

3. While a conviction based upon an uncorroborated confession can not be sustained, the sufficiency of the circumstances adduced for the purpose of corroboration is to be determined by the jury. A confession of hog-stealing can not be said to be uncorroborated, where hogs proved to have been recently missing were found in the possession of the accused, with the earmarks changed from the mark of the former owner to the mark used by the accused, and especially when the accused attempted to escape detection by statements in which he disclaimed that he himself was the owner of the hogs, and alleged that they were the property of a third person.

DECIDED APRIL 11, 1911.

Indictment for hog-stealing; from Miller superior court—Judge Worrill. January 24, 1911.

*P. D. Rich, W. I. Geer,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.

RUSSELL, J. In the superior court of Miller county the plaintiff in error was convicted of the offense of hog-stealing. His motion for new trial was overruled, and it is insisted that this judgment should be reversed, because the verdict is contrary to law and to the evidence, and because the court erred in failing to instruct the jury that "all admissions should be scanned with care, and confessions of guilt should be received with great caution," and, further, because the court failed to charge that "a confession alone, uncorroborated by other evidence, will not justify a conviction."

1. It is insisted that the evidence fails to show that the court has jurisdiction, for the reason, as contended, that the case for the State depends upon the defendant's confession, and that it does not appear from the record that the larceny was committed within the limits of Miller county. Upon this point the decision is controlled adversely to the plaintiff in error by the ruling of this court in *Dyer* v. *State,* 6 *Ga. App.* 390 (65 S. E. 42). It appears from the record in the present case that the hogs which the defendant was accused of stealing were found in his possession within a very few days after they had been missed by the alleged owner. The latter testified, after describing the hogs, that he "lost them from out in the range in Miller county." He missed them Saturday evening, and found them the next Monday morning on the place that the defendant had rented, "about a mile and a half or two miles from where they were taken." Of course, as insisted in behalf of the plaintiff in error, the fact that the hogs were found a mile and a half or two miles from the range in Miller county does not sufficiently establish the fact that the place that he had rented, or the field where the hogs were found by the prosecutor, was in Miller county. Upon this proof alone the venue would not be established. But conceding, for the sake of the argument, that the place where the defendant lived and where the hogs were found was in Decatur, Early, or any other adjoining county, this would be entirely immaterial, if the hogs were, prior to the theft, "out in the range" or at any other locality in Miller county, and if the circumstances of the case are sufficient to show that the defendant was the party who carried them away with intent to steal them.

14

It is a peculiar coincidence that the case of *Smiley* v. *State,* 66 *Ga.* 754, which we cited in the *Dyer* case, supra, was also a case of hog-stealing, in which it was insisted that there was a failure to prove the essential jurisdictional fact.   In that case it was held: "Where the proof was that an owner kept his hogs at his home in Miller county, and turned them out into the open country, calling them up at night, that suddenly they were missing therefrom, and that about the same time the defendant, who lived near by, though in an adjoining county, sold them some distance away, and there was no proof that the hogs ever 'used' or ever were over the line, a verdict of guilty of larceny, found in the county of the owner's residence, will not be set aside for want of sufficient proof of venue."   In the *Dyer* case the residence of the owner· was in Walker county, while the accused was found in possession of the cow in Chattanooga, Tenn.   It is apparent, therefore, that it is immaterial that there was no proof in the instant case that the accused lived in Miller county, and that it would be immaterial, even if true, that he lived in an adjoining county.   Irrespective of the location of the defendant's residence, where the hogs alleged to have been stolen were found, proof that the hogs, prior to their asportation, were on a range in Miller county, was sufficient evidence, when taken· in connection with the fact that the hogs were found shortly afterwards in the possession of the defendant, to authorize the inference that the taking was in Miller county.

2.   The only special ground of· the motion for new trial is that in which it is insisted that the court failed to charge the jury that "all admissions should be scanned. with care, and confessions of guilt should be received with great caution;" also that the court erred in failing to instruct the jury that an uncorroborated confession will not justify a conviction.   According to the evidence for the State, the defendant at first stated to the prosecutor that the hogs which the prosecutor claimed to be his were the property of one Kimbrell, from whom the defendant was renting ·land. Afterwards, when Kimbrell and the prosecutor came together to see about the hogs, the defendant freely and voluntarily confessed that he had stolen the hogs from the prosecutor.   In the charge of the court there is no reference whatever to the subject of confessions, and the question which presents itself is whether the omission of the judge to give the jury any instructions to guide

them in their consideration of this class of testimony is an error so prejudicial to the accused as to require the grant of another trial. We think that the evidence, outside of the testimony upon the subject of confession, was of itself sufficient to authorize the conviction of the defendant. The hogs had been in their owner's possession on Saturday. He found them on Monday in the defendant's field, with their ears freshly re-marked, but still showing some signs of the former marks, which indicated his ownership. When the defendant was interrogated at that time in regard to the hogs, he told the prosecutor that he thought the hogs belonged to Mr. Kimbrell. Kimbrell testified that they were not his, and had never been his hogs. The defendant's confession, if believed by the jury to have been freely and voluntarily made, completed the State's case, and required the conviction of the defendant. There was no timely written request that the jury be instructed upon the subject of confessions, nor even an oral suggestion to that effect on the part of counsel. In *Nobles v. State*, 98 Ga. 73 (26 S. E. 64, 38 L. R. A. 577), it was held that the charge of the court upon the subject of confessions was not erroneous, although the court omitted to tell the jury in so many words that the evidence of confession should be received with great caution, because the instructions upon that subject were full and fair, and the language used was such that no other inference could be drawn than that the jury should observe the greatest caution in receiving and acting upon confessions.

To the writer it would seem, as clearly intimated by Justice Atkinson in delivering the opinion in the *Nobles* case, supra, that where the evidence of a confession was one of the most material links in the testimony against one accused of crime, the court should instruct the jury at least in the substance of section 1031 of the Penal Code of 1910. It can not be denied that to the popular mind a confession is primarily the highest and best proof of guilt, and for that reason we think that, even without request, the jury should always be told that confessions should be received with caution, and that, unless the confession is corroborated, it will not authorize conviction. However, the Supreme Court has frequently decided that in the absence of a written request it is not reversible error to omit any reference whatever to the subject of confessions. In *Malone v. State*, 77 Ga. 767-772,

Chief Justice Jackson, in delivering the opinion of the court, held that "there was certainly no error in failing to charge upon their force; no request, written or verbal, being made to do so." In *Sellers* v. *State,* 99 *Ga.* 212 (25 S. E. 178), it was held not to be error to omit to charge upon the law of confessions, because under the special facts of that case there was other and sufficient evidence to warrant the conviction. In *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850), for the first time, so far as we are able to find, the Supreme Court held, regardless of the character of the testimony, that "in the absence of a special request so to do, the court is not bound to charge Penal Code, § 1005, as to the weight to be given confessions." And this ruling has been followed in *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534), *Nail* v. *State,* 125 *Ga.* 234 (3), (54 S. E. 145), and *Pierce* v. *State,* 132 *Ga.* 27 (63 S. E. 792).

While, of course, we are bound by these adjudications, for the reasons above stated, and upon much the same ground as that upon which it has frequently been held that the judge should specially instruct the jury upon the subject of circumstantial evidence where the guilt of the accused depends entirely upon circumstances, we think that the better practice would require the judge, in any case where the evidence outside of the confessions would not demand a verdict of guilty, to give in charge to the jury at least the substance of section 1031 of the Penal Code of 1910.

3. Even though the evidence apart from the confessions may not have been sufficient of itself to authorize the conviction of the defendant, it was ample to corroborate the confession, and therefore the verdict of guilty was authorized. The confession was corroborated. While a conviction based upon an uncorroborated confession can not be sustained, the sufficiency of the circumstances adduced for the purpose of corroboration is to be determined by the jury. A confession of hog-stealing can not be said to be uncorroborated, where hogs proved to have been recently missing were found in the possession of the accused, with the earmarks changed from the mark of the former owner to the mark used by the accused, and especially when the accused attempted to escape detection by statements in which he disclaimed the ownership of the hogs and alleged them to be the property of a third person.

*Judgment affirmed.*