## 10451.   PERDUE *v.* THE STATE.

A conviction of larceny was authorized by the evidence, which included proof of a confession of guilt, corroborated by evidence showing larceny of the cotton alleged to have been stolen, and that the basket in which it was when stolen was found where the accused said he put it. The sufficiency of the corroboration was a matter to be determined by the jury.

DECIDED JUNE 27, 1919.

Accusation of larceny; from city court of Newnan—Judge Post. March 21, 1919.

*Stanford Arnold,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.

BLOODWORTH, J.   A confession of guilt was established. This was not only corroborated by the fact that the larceny was clearly shown, but it was further corroborated by the fact that the basket in which the cotton was when stolen was found where the accused said he put it. "Proof of the corpus delicti may be sufficient corroboration of a confession of guilt to sustain a verdict of guilty." *Davis* v. *State,* 105 *Ga.* 808 (3) (32 S. E. 158); *Allen* v. *State,* 8 *Ga. App.* 90 (68 S. E. 558). "While a conviction based upon an uncorroborated confession cannot be sustained, the sufficiency of the circumstances adduced for the purpose of corroboration is to be determined by the jury." *Cook* v. *State,* 9 *Ga. App.* 208 (3) (70 S. E. 1019). "In this case the motion for a new trial

contained only the usual general grounds. There was some slight evidence authorizing the verdict; and the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court, a reviewing court is powerless to interfere. When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Bradham v. State,* 21 *Ga. App.* 510 (94 S. E. 618), and cases cited.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*