## A03A2010. ANDERSON v. L & R SMITH, INC.
### (594 SE2d 688)

MILLER, Judge.

Jonnie Rachel Anderson sued a McDonald's restaurant operator for injuries caused when she slipped and fell on an outside walkway. The jury awarded her nearly $60,000, but she claimed the amount was inadequate and moved for a new trial, which was denied. She appeals, arguing that the court erred in denying her motion for new trial and in giving certain jury instructions. We discern no error and affirm.

Construed in favor of the verdict, the evidence showed that on a rainy, drizzly day, Anderson entered a McDonald's restaurant near her workplace, made a nonfood purchase, and left out the same door. She slipped and fell on the wet walkway outside the door, injuring her hip. She sued the operator of the premises (L & R Smith, Inc.) for damages, seeking medical expenses, lost wages, and pain and suffering. At trial the court instructed the jury (over Anderson's objections) on contributory and comparative negligence and on the principle that Anderson was charged with the knowledge that a wet floor may be

slippery. The jury ruled in her favor, awarding her $59,226.15 (approximately $7,000 more than her stated medical expenses). Reiterating her objections to the jury instructions and claiming the verdict was inadequate, Anderson moved for a new trial, which was denied. She now appeals on the same grounds.

1. Anderson first contends that the court erred in instructing the jury on contributory and comparative negligence. She argues that no evidence authorized giving these instructions.

With regard to the contributory negligence instruction, any alleged error was harmless. Since contributory negligence bars a plaintiff from recovering any damages, "it follows that the jury must have rejected the theory of contributory negligence when it renders an award of damages in the plaintiff's favor. Hence, case law has long noted that an award of damages renders harmless any error committed by the court in charging the jury on contributory negligence." (Citation and punctuation omitted.) *Heath v. L. E. Schwartz & Son, Inc.*, 199 Ga. App. 452, 453 (405 SE2d 290) (1991).

With regard to the comparative negligence instruction, giving this instruction was not error if there was any evidence, however slight, from which the jury could infer that Anderson was also negligent. *Sanders v. Moore*, 240 Ga. App. 730, 731 (2) (524 SE2d 780) (1999). We hold that there was such evidence.

First, Anderson testified that she was diabetic and that she would become dizzy, weak, and faint when she did not eat for a long period of time. Some evidence showed that she had not eaten for more than seven hours at the time of the afternoon accident. The jury could have inferred that Anderson's failure to eat was negligence and caused her to be dizzy, weak, and faint at the time she was exiting the restaurant, possibly contributing to her fall.

Second, some evidence showed that while in the restaurant before the accident, Anderson told a McDonald's employee that she was in a hurry, apparently because she came in late during her strict half-hour lunch period. Indeed, after the accident, she stated that she needed to return to work. Feeling rushed may have made her less cautious or observant and more likely to act negligently when she exited the building.

Third, just after the accident Anderson told a store employee who was assisting her that she "shouldn't have worn them shoes that day." From this a jury could have inferred that Anderson believed that the shoes she was wearing did not give sufficient traction on a rainy day.

Fourth, Anderson had just come in the same door that she later exited. Anderson claims that she used a sloped concrete handicapped ramp as she approached the door to enter and then used a sloped tiled walkway adjacent to the handicapped ramp to exit, which is

where she claims to have fallen. Yet some evidence showed that she slipped on the level tiled landing just outside the door, which she necessarily negotiated when she entered the restaurant. A witness testified that Anderson fell so close to the door that the door never closed. The pictorial evidence showed that the landing just outside the door was level. Georgia law is clear that "when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citation and punctuation omitted.) *Pye v. Reagin*, 262 Ga. App. 490, 491-492 (586 SE2d 5) (2003). Thus, a plaintiff who has previously traversed the same rainy ramp without falling may not recover for injury arising from a subsequent fall thereon. *Wood v. Winn-Dixie Stores*, 244 Ga. App. 187, 189 (534 SE2d 556) (2000). Here, evidence showed that in addition to successfully negotiating the wet entryway just before exiting that same way, Anderson had visited this store and entered that same door five days a week for the three months preceding the accident.

Fifth, Anderson testified that on this rainy day, she noticed the walkway was wet as she entered the restaurant. She also testified that the walkway was slippery because it was wet, which slipperiness is what caused her fall. Since it is common knowledge that surfaces become slippery when exposed to rainwater (*Cohen v. Target Corp.*, 256 Ga. App. 91, 93 (567 SE2d 733) (2002)), Anderson was on notice that she needed to exercise more care in negotiating the wet walkway. Indeed, at one point Anderson testified that the walkway looked slippery to her before she fell (an answer she later recanted). Combined with the above evidence that through her own negligence Anderson may have been dizzy, in a hurry, and wearing tractionless shoes, a jury could have inferred that she simply failed to exercise the care needed for the wet, slippery walkway that she had just negotiated.

Inasmuch as some evidence showed that Anderson may have acted negligently, the court did not err in instructing the jury on the principle of comparative negligence.

2. Anderson next complains that the court erred in instructing the jury as follows:

> Where the plaintiff is aware of the weather conditions and knows that it has been raining she is charged with the knowledge that the floors at the entrance of the defendant's premises would be wet. In other words, the ordinary person is aware that water is likely to be found where it is raining. Further, the plaintiff is charged with the knowledge that a wet floor may be slippery.

This is a correct statement of law. See *Cohen v. Target Corp.*, supra, 256 Ga. App. at 93. Since Division 1 above identifies some evidence that justified the giving of this charge, we discern no error.

3. Anderson claims that the amount of damages was inadequate and required that the court grant her motion for a new trial on damages alone. OCGA § 51-12-12 (a) sets forth the standard: "The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case." "[T]he focus of OCGA § 51-12-12, under which the award is being reviewed, is to allow the *trial court* to interfere with a jury verdict in two opposite situations — where the award is so inadequate or so excessive as to be contrary to the preponderance of the evidence." (Emphasis in original.) *Moody v. Dykes*, 269 Ga. 217, 221 (6) (496 SE2d 907) (1998). "[A]n excessive or inadequate verdict is a mistake of fact rather than of law and addresses itself to the discretion of the trial judge who, like the jury, saw the witnesses and heard the testimony. [Cit.]" Id. at 221-222 (6). Absent *compelling* evidence, an appellate court will not disturb the presumption of correctness that is created by the trial court's approval of the verdict. Id. at 222 (6).

Anderson contends that the $59,226.15 lump sum award is inadequate in that it is only some $7,000 more than her medical bills. Yet evidence showed that prior to the accident, Anderson had experienced pain and difficulties in her hips, elbows, joints, and legs, had had anxiety problems and depression, and had suffered from arthritis. Even though there is evidence that the plaintiff's injuries stemmed from the accident at issue, a jury may reduce the award of damages if there is also evidence that the damages resulted from a pre-existing medical condition. *Johnson v. Bryant*, 178 Ga. App. 327, 328 (1) (343 SE2d 397) (1986); cf. *Blosfeld v. Hall*, 236 Ga. App. 286, 288 (511 SE2d 196) (1999). Thus, in *Kohl v. Tirado*, 256 Ga. App. 681, 683 (1) (569 SE2d 576) (2002), we held that the trial court did not err in denying plaintiff's motion for new trial on the issue of damages — even though the lump sum award was *less* than plaintiff's medical bills — "where testimony showed that some portion of the plaintiff's medical expenses was at least partially related to his initial injury, and not just to any injury caused by [defendant's] negligence. [Cit.]" Since the evidence here was similar and since some evidence supported a finding of comparative negligence on Anderson's part, we discern no compelling evidence that would require that we reverse the judgment of the trial court and order a new trial on the issue of damages.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 6, 2004.

*Charles A. Mullinax, Stephen W. Adkins, Jr.*, for appellant.
*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright*, for appellee.