A07A0596. COMPTON v. HUDDLE HOUSE, INC.
(644 SE2d 182)

ANDREWS, Presiding Judge.

Glenda Compton sued Huddle House, Inc. for injuries she sustained when she fell while she was an invitee at a Huddle House restaurant in Jonesboro. Compton claimed that her fall was caused by Huddle House's negligent failure to exercise ordinary care to keep its premises safe for invitees as required by OCGA § 51-3-1. This claim was tried before a jury, and Compton appeals from the judgment entered on the jury's verdict in favor of Huddle House. For the following reasons, we affirm.

1. Compton claims that the trial court erroneously denied her motion for a new trial because she produced unrebutted evidence at trial that Huddle House had constructive knowledge of the hazard that caused her fall. We find no basis in the record for this claim.

Compton testified at trial as follows: She exited the restaurant at about noon and walked down a covered sidewalk leading to the parking lot with the wall of the restaurant to her immediate left and the parking lot to the right. The sidewalk was elevated a few inches above the parking lot. A series of columns to Compton's right supported the roof over the covered section of the sidewalk. Photographs introduced by Compton at trial showed that the sidewalk extended about two feet to the right of the columns. At the last column, the

covered area ended and the sidewalk narrowed and continued adjacent to the building. As Compton walked down the sidewalk, she reached a point near the last column where her path was obstructed by a trash can which had been moved from its normal position to a position where it partially blocked the sidewalk. To avoid the trash can, Compton stepped to her right around the last column intending to walk on the portion of the sidewalk to the right of the column. As she stepped to the right of the column to continue on the sidewalk, Compton said that she could not see that the sidewalk narrowed at that point "on account of the shadows and cars" and because "[t]he way it's made it looks like it just keeps going." According to Compton, when she stepped around the column to the point where the sidewalk narrowed, she stepped and fell into the parking lot. On cross-examination, Compton conceded that she had testified by earlier deposition that: "I don't remember saying that [the column] blocked my view because nothing blocked my view. It look[ed] like the sidewalk went on further than what it did. You know, that's all I can say."

There was no evidence showing that the trash can had on any prior occasion been moved into a position blocking the sidewalk. There was no evidence showing who allegedly moved the trash can into a position partially blocking the sidewalk on the occasion of Compton's fall. The Huddle House manager testified that the trash can was not out of position or blocking the sidewalk when she inspected the premises in the morning prior to the noon-time fall, and that it was not out of position or blocking the sidewalk when she walked outside to check on Compton immediately after her fall. Although Compton testified that the trash can was obstructing the sidewalk when she exited the restaurant at noon, there was no evidence showing how long the trash can was allegedly in that position.

For Compton to recover for injuries she allegedly sustained as a result of the fall, she was required to prove (1) that Huddle House had actual or constructive knowledge of the hazard which she claims caused her fall, and (2) that she lacked knowledge of the hazard despite exercising ordinary care for her own safety. *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997). The basis for imposing liability on Huddle House under this two-prong test is proof that Huddle House had superior knowledge of the hazard which allegedly caused Compton to fall. *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980); *Robinson*, 268 Ga. at 736-737.

Applying these principles to the evidence produced at trial, the jury could have reached its verdict in favor of Huddle House on various grounds. There was evidence to support a conclusion by the jury that the trash can did not obstruct the sidewalk at the time of the

fall, and that there was no basis to find Huddle House negligently failed to keep its premises safe. Even if the jury found that a trash can obstructing Compton's path combined with other factors on the premises to constitute a hazard, there was evidence to support a conclusion by the jury that Compton could not recover because she had knowledge of the hazard equal or superior to Huddle House's knowledge of the hazard. There was evidence from which the jury could have found that Compton had equal or superior knowledge of the hazard because she should have discovered and avoided the hazard in the exercise of ordinary care for her own safety. Even if the jury found that Compton lacked knowledge of the hazard despite the exercise of ordinary care, there was evidence from which the jury could have found that Huddle House did not have knowledge of the hazard superior to Compton because there was no evidence that Huddle House had actual knowledge of the hazard, and Compton failed to prove that Huddle House had constructive knowledge by showing (1) that a Huddle House employee was in the immediate area of the fall and was in a position to have easily seen the hazard and removed it prior to the fall, or (2) that the hazard had been on the premises so long that Huddle House should have discovered and removed it prior to the fall during the performance of a reasonable inspection to keep the premises safe. *Alterman Foods*, 246 Ga. at 622-623; *Matthews v. The Varsity*, 248 Ga. App. 512, 513-514 (546 SE2d 878) (2001). In the absence of any evidence as to how long prior to the fall the trash can allegedly obstructed the sidewalk, the jury was not authorized to speculate or guess whether the hazard had been there so long that it should have been discovered by a reasonable inspection. *Dildine v. Town & Country Truck Sales*, 259 Ga. App. 732, 734 (577 SE2d 882) (2003) (jury reliance on speculation or guesswork is an improper basis for imposing liability).

Because there was evidence to support the jury's verdict in favor of Huddle House on various grounds, the trial court did not err by denying Compton's motion for a new trial. *Trust Assoc. v. Snead*, 253 Ga. App. 475, 478 (559 SE2d 502) (2002).

2. There is no merit to Compton's claim that she is entitled to a new trial because the trial court gave erroneous or confusing charges to the jury on the issue of constructive knowledge. The charge accurately informed the jury of the means by which constructive knowledge of a hazard could be imputed to a defendant. *Alterman Foods*, 246 Ga. at 622-623. In any event, there was no evidence in the case upon which the jury could have reasonably found that Huddle House had constructive knowledge of the hazard.

3. The trial court did not err by giving the jury a charge on comparative negligence. "[G]iving this instruction was not error if there was any evidence, however slight, from which the jury could

infer that [Compton] was also negligent." (Citation omitted.) *Anderson v. L & R Smith, Inc.*, 265 Ga. App. 469, 470 (594 SE2d 688) (2004). There was at least some evidence supporting the charge. Compton testified that she could have continued to walk down the clearly visible part of the sidewalk past the trash can instead of avoiding the trash can by stepping around the column toward the edge of the sidewalk where she fell from the sidewalk into the parking lot. According to Compton, she walked around the column to avoid brushing past the dirty trash can. The jury could have inferred that she failed to exercise sufficient care for her own safety when she chose to walk around the column and into an area where the edge of the sidewalk was blocked from her view.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MARCH 20, 2007 — 

*George C. Creal, Jr.*, for appellant.
*Swift, Currie, McGhee & Hiers, Charles B. Marsh*, for appellee.