**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0494. LAMAR et al. v. ALL AMERICAN QUALITY FOODS, INC.

BRANCH, Judge.

Joyce H. Lamar slipped, fell and was injured in one of the appellee's stores. Lamar and her husband (collectively "Lamar") brought suit and alleged that the appellee "knew or should have known" that the floor was wet and in a hazardous condition at the place where Lamar fell. Following a trial at which the defense did not put on any evidence, a jury returned a verdict in favor of the appellee. Lamar now appeals the denial of her motion for new trial contending the trial court erred by refusing to charge the jury on the law of constructive knowledge and by failing to respond to the jury's question regarding the meaning of the term "constructive knowledge."

Lamar presented evidence at trial to show that while shopping and pushing a cart at a Food Depot operated by All American Quality Foods, Inc., Lamar turned right into aisle 10 at a place where the aisle ran both to her left and right. As she entered the aisle and turned to the right she saw Food Depot employees working to her left in the same aisle, as well as other customers nearby. Immediately thereafter, while she was looking up toward paper products located on the top shelf, she slipped and landed on her right knee but fell backward causing severe pain and injury. Lamar was not looking at the floor, did not see anything on the floor before her fall, and did not know what caused her fall, but the clothing on her back was "a lot wet" after she fell.

Randy Taylor, the acting store manager who was working close by, heard Lamar cry out, and, together with another employee who was working on aisle 10, responded to aid Lamar. When Taylor arrived, he saw a Burger King cup on the floor. Taylor wrote on the incident report, "Customer fell on aisle ten. Burger King cup in middle of floor along with clear liquid." Shortly thereafter, Mr. Lamar came in from the parking lot after being notified of the fall and saw his wife lying in water on the floor. When Mr. Lamar asked Taylor what happened, the manager held up the cup, but Taylor did not respond verbally. When Taylor was asked if he investigated the

2

incident, he replied "at the time that she fell . . . there was a Burger King cup there. So, you know, that was my inspection."

Taylor testified that he had walked down aisle 10 no more than 15 minutes earlier and that he and other employees inspect the store about every hour and at other times as well. He confirmed, however, that the store does not have a written inspection procedure and that employees do not log or otherwise record the time of any inspections. The only relevant written policies produced by the appellee state that employees have the "obligation to observe the safety rules and practices," but the store manager admitted that there are no written safety rules and practices at the store and no other written safety policies related to inspections for hazards in the store. Taylor also confirmed that the employee who was working in aisle 10 at the time of the fall was standing in a position to have seen down the aisle clearly.

At the charge conference after the presentation of evidence, Lamar's counsel argued that the court should charge on constructive knowledge and added "[t]hat's really our entire case. It's not actual knowledge. There's no evidence on the record that there is actual knowledge. It's all about the constructive knowledge." Lamar's

counsel proposed to handwrite a charge; he did not have one prepared in advance.[1]

Nevertheless, the trial court acknowledged in its order on the motion for new trial that Lamar had submitted a proposed request to charge No. 16 that stated in part that

> constructive knowledge may be established by showing that (1) the substance had been there for such a time that ordinary diligence by the Defendant should have effected its discovery or (2) that an employee of the Defendant was in the immediate area of the dangerous condition and could have seen the substance.

Lamar also argued during the charge conference that the court should charge the jury that constructive knowledge can also be shown with evidence that the defendant did not have a reasonable inspection procedure in place at the time of the incident.

The court denied Lamar's request in its entirety and reasoned, in part, as follows:

> I'll tell you my concern is that the danger of defining what is a reasonable inspection procedure, and you may have a case here, but I'm sure the case law is probably not absolutely consistent as to what a

---

[1] The transcript shows that Lamar submitted some written proposed jury instructions, but there are none in the record. See generally *Pearson v. Tippmann Pneumatics*, 281 Ga. 740, 742 (1) (642 SE2d 691) (2007) ("A party in a civil case generally must present written requests for jury instructions and complain of the giving or failure to give an instruction before the jury returns its verdict in order to preserve the issue for appeal. OCGA § 5–5–24 (a), (b).").

4

reasonable inspection procedure is. And it seems to me that that's more of a factual argument that you make . . . with regard to whether it's a reasonable inspection procedure or not.

The court later explained its opinion that even if constructive knowledge may be shown with evidence that the appellee lacked a reasonable inspection procedure or that an employee was in the immediate vicinity of the fall, these points were "jury arguments" and that jury instruction on these points would "serve to confuse the jury more than it will help them."

Although the closing arguments were not taken down, the trial court, in its order denying the motion for new trial, and the appellee acknowledge that Lamar's counsel read to the jury a definition of constructive knowledge from a legal dictionary. After the closing arguments and with regard to the substantive issues presented in the case, the court charged the jury on the definition of negligence and on the duties of an owner or occupier of land. The court referred to constructive knowledge only once, during a charge based on *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997):

> In order to recover for injuries sustained in a slip-and-fall action, an invitee must prove that the defendant had actual or constructive knowledge of the hazard, and that the plaintiff lacked knowledge of that

5

hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner.

Id. at 748-749 (2) (b). The court continued by charging on a person's duty to use ordinary care for his or her own safety, as well as contributory negligence and proximate cause.

Following the charge, Lamar again objected to the absence of a charge on the law of constructive knowledge. After the jury began deliberating, the court received the following question: "Can we get another meaning of constructive knowledge?" Lamar again stressed to the court that the jury had not been informed that a plaintiff could show constructive knowledge by showing that there was an employee in the immediate vicinity who could have seen the hazard and removed it and by showing the lack of a reasonable inspection program or failure to implement one. The court responded by instructing the jury that it had already been fully charged on the law. Later, the jury returned a verdict in favor of the appellee, and the court entered judgment for the appellee. The court denied Lamar's motion for new trial or judgment notwithstanding the verdict.

1. Lamar first contends the trial court erred by failing to charge the jury on "the essential elements of constructive knowledge."

6

Lamar first contends the trial court should have charged the jury that they could find that the appellee had constructive knowledge of the hazard if there was evidence that the appellee failed to exercise reasonable care in inspecting the premises. But Lamar did not submit this portion of his requested charge in writing. And even when there has been a verbal request to charge, "where there has been no written request to charge, failure to give the charge is not error." *Bullock v. State*, 202 Ga. App. 65, 66 (1) (413 SE2d 219) (1991), overruled on other grounds, *Brewer v. State*, 271 Ga. 605, 523 S.E.2d 18 (1999). Here, Lamar submitted a written request to charge that did not refer to exercising reasonable care in the context of inspecting the premises, and therefore that aspect of Lamar's appellate argument has been waived. See, e.g., *Baker v. State*, 238 Ga. App. 285, 288 (3) (518 SE2d 455) (1999) (trial court's refusal to give his oral request to charge the jury on self-defense was not error). *Arnold v. State*, 210 Ga. App. 843, 848 (2) (437 SE2d 844) (1993) (court's failure to charge on constructive notice was not reversible error where appellant's request to charge was "merely oral rather than written.").

When considering whether the trial court should have given the charge Lamar requested in writing, we find that the charge was not adjusted to the evidence. See *Lee v. Bartusek*, 205 Ga. App. 551-552 (1) (422 SE2d 570) (1992) ("In order for a refusal

7

to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge.") (citations and punctuation omitted). Lamar's proposed charge No. 16 stated in part that constructive knowledge can be shown by presenting evidence that "the substance had been there for such a time that ordinary diligence by the Defendant should have effected its discovery." At trial, no evidence was presented regarding how long the water and cup were on the floor. A trial court is not required to give a requested charge that is not adjusted to the evidence. *State v. Johnson*, 280 Ga. 511, 513 (630 SE2d 377) (2006).

2. Even if Lamar's alleged error was not properly raised below, as we have discussed in Division 1, this Court nonetheless normally would be required to "consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law." OCGA § 5-5-24 (c). See also *Pearson*, supra at 742 (1). But pretermitting the question as to whether the failure to give part of the requested charge was substantial and harmful error, we conclude the trial court erred by failing to respond to the jury's question asking for the meaning of the term constructive knowledge and that therefore, Lamar is entitled to a new trial.

8

Under Georgia law, "the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court." (Citation omitted.) *Glisson v. Glisson*, 268 Ga. 164, 166 (1) (486 SE2d 167) (1997). But the court's discretion in this setting is measured by the court's "duty. . . when faced with a question from the jury to clarify any confusion as to the applicable issues of law as raised by the evidence at trial." (Citation omitted.) *Brown v. City of Fitzgerald*, 177 Ga. App. 859, 860 (1) (341 SE2d 476) (1986). See also *Glisson*, supra at 164 ("The necessity that the jury clearly understand the law in order to render a lawfully arrived-at verdict renders it imperative that pertinent points of law be repeated or clarified or both, to set the jury on the right course in the event of questions.") (citation omitted).

Here, the evidence presented at trial raised the question of whether the appellee's inspection procedure was reasonable and whether an employee in the vicinity could have discovered and removed the cup and water, both of which are authorized methods of proving constructive knowledge under Georgia law:

> Constructive knowledge can be established in one of two ways: by evidence that an employee was in the immediate area of the hazard and could easily have discovered and removed it, or by showing that the owner did not use reasonable care in inspecting the premises.

9

(Citation omitted.) *KMart Corp. v. Jackson*, 239 Ga. App. 176, 177 (521 SE2d 93) (1999), cert. denied. See also *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980) (same); *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 470 (1) (b) (522 SE2d 749) (1999) (constructive knowledge may be proven by showing "that a foreign substance remained on the floor for such a time that ordinary diligence by the proprietor should have effected its discovery," but "a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident.") (citations and punctuation omitted).

Although "[t]he existence of constructive knowledge is a matter for the jury when there is evidence from which it may be inferred," *KMart*, supra at 178 (citation and punctuation omitted), the inference a jury is permitted to make regarding the evidence is a question of law. See *Dyer v. State*, 6 Ga. App. 390, 392 (65 SE 42) (1909). As explained in *Dyer*, "it would be error for [a] judge to instruct the jury [that] they would be bound to act upon [an] inference. . . . It is quite a different thing, however, for the judge to instruct the jury that they might, if they saw proper, act upon the inference which could be drawn from the given facts established to their

10

satisfaction." Id. (considering an inference regarding proof of venue). See also *Kinnebrew v. State*, 80 Ga. 232, 238-239 (5 SE 56) (1887).

In the present case, the trial court categorized Lamar's request – that the trial court should answer the jury's question by instructing the jury on the meaning of constructive knowledge – as an argument for the jury. The court failed to recognize the difference between the relevant questions of fact and law as explained in *Dyer*. And the jury clearly was confused regarding the meaning of constructive knowledge, despite receiving a definition during closing argument from Lamar's counsel. The jury asked for "another meaning of constructive knowledge." Without further clarification from the trial court, the jury had no instruction from the court regarding the permissible inferences it was allowed to draw from the evidence presented. And although the trial court charged the jury on the fundamentals of the law of negligence, the duties of an owner or occupier of land, and the fact that an invitee must prove that the defendant had actual or constructive knowledge of the hazard, it neither instructed the jury on the inferences authorized by law that allow a plaintiff to establish the defendant's constructive knowledge of a hazard nor gave any instruction regarding a proprietor's duty to inspect for hazardous conditions. Compare *Fowler Properties v. Dowland*, 282 Ga. 76, 81 (5) (646 SE2d 197) (2007) (charge as a whole adequately

11

covered concept that naturally occurring ice did not negate the owner's duty to inspect when court charged that owner had a duty to make premises safe, including "inspecting the premises to discover possible dangerous conditions"). Thus, the charge as a whole in this case was inadequate on this point. See *Harrison v. State*, 309 Ga.App. 454, 457 (2) (a) (711 SE2d 35) (2011) (this Court "must look to the jury charge as a whole" to determine whether it "accurately and fully apprised the jury of the law to be applied") (citation omitted).`

Finally, this Court has upheld a jury instruction on constructive knowledge based on the law as stated in *Alterman Foods*. See *Compton v. Huddle House*, 284 Ga. App. 367, 369 (2) (644 SE2d 182) (2007).[2]

"A trial court must instruct a jury on the law as to every controlling, material, substantial and vital issue in the case." (Citation and punctuation omitted.) *Duffield v. Chui*, 314 Ga. App. 214-215 (723 SE2d 506) (2012). In this case, we conclude that the trial court breached its discretion by failing to respond to the jury's question regarding the meaning of constructive knowledge and failed to provide other

---

[2] The Suggested Pattern Jury Instructions (5th Ed.) do not include a charge on the meaning of the term "constructive knowledge."

12

instruction sufficient to apprise the jury accurately and fully of the applicable law. We therefore reverse the judgment below and remand for a new trial. See Id. at 216.

*Judgment reversed and case remanded. Phipps, C. J., and Ellington, P. J., concur.*

13